Emmanuel D. PATTERSON, Plaintiff,

v.

Thomas A. COUGHLIN, III, Charles P. Hemandy, Harold J. Smith, and N. Desantos, Defendants.

No. CIV–83–418T.

United States District Court, W.D. New York.

Oct. 17, 1989.

Robert L. King, Rochester, N.Y., for plaintiff.

Robert Abrams, Atty. Gen. of the State of New York (Charles D. Steinman, of counsel), Dept. of Law, Rochester, N.Y., for defendants.

## DECISION AND ORDER

TELESCA, Chief Judge.

### INTRODUCTION

Pursuant to 42 U.S.C. § 1983, plaintiff Emmanuel Patterson filed this action

against the above captioned defendants, alleging that the disciplinary hearing leading to his 53 day confinement in the Special Housing Unit ("SHU") at the Attica Correctional Facility violated his constitutional rights. This Court originally dismissed plaintiff's complaint on the grounds that he had already been provided a meaningful post-deprivation remedy in the form of an Article 78 proceeding. The Second Circuit reversed and remanded, holding that the hearing afforded the plaintiff did not comport with due process standards. *Patterson v. Coughlin*, 761 F.2d 886, 893 (2d Cir.1985), *cert. denied*, 474 U.S. 1100, 106 S.Ct. 879, 88 L.Ed.2d 916 (1986).

Upon remand, defendants sought an order awarding them summary judgment on the remaining issues of liability and damages. By Memorandum Decision and Order dated February 1, 1989, I granted defendants' motion in part, ruling that the plaintiff's disciplinary hearing was not untimely, and that the hearing officer was not biased or prejudiced against him. I concluded, however, that the plaintiff's wrongful confinement constituted a compensable injury entitling him to more than nominal damages, and that each of the named defendants was jointly and severally liable for any subsequent monetary relief. Accordingly, I invited the plaintiff to move for summary judgment on the issue of damages and he has now done so. The plaintiff additionally seeks reconsideration of the Court's ruling on the issue of the hearing officer's impartiality. For the reasons discussed below, the plaintiff's motion for compensatory relief is granted, and his requests for punitive damages and reconsideration are denied. Plaintiff's request for attorney's fees is denied without prejudice subject to the submission of an appropriate accounting.

## FACTS

The facts in this case have been described at length in previous opinions of both this Court and the Second Circuit and therefore need only be summarized here. The plaintiff was confined in SHU following an alleged assault upon a corrections officer who was attempting to break up a fight between two inmates—Oscar Hall and an individual named Carter (first name unknown). At his disciplinary hearing before defendant Captain DeSantos, plaintiff requested that Hall and Carter be called as witnesses. Captain DeSantos declined to call either inmate, however, stating that Carter was on visit and thus unavailable, and that he had already heard Hall's version of the facts at Hall's own disciplinary hearing. Based upon the tape recorded testimony of the corrections officer and inmate Hall, Captain DeSantos found the plaintiff guilty of the charges and imposed a sentence of 60 days' confinement to SHU and 60 days' loss of good time.

## DISCUSSION

Rule 56 of the Federal Rules of Civil Procedure allows a trial court to grant summary judgment if the record shows that there is no genuine issue of material fact and that the moving party is entitled to a judgment as a matter of law. The moving party bears the burden of initially showing that there are no genuine disputes as to material facts in the case, and any inferences drawn from the evidence proffered must be viewed in the light most favorable to the party opposing summary judgment. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23, 106 S.Ct. 2548, 2552–53, 91 L.Ed.2d 265 (1986); *Beyah v. Coughlin*, 789 F.2d 986, 989 (2d Cir.1986). Whether there are ultimately material facts in dispute is determined by the substantive law governing the issues. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986).

■ This Court has already concluded that the plaintiff's wrongful confinement in SHU constitutes a compensable injury under § 1983 entitling him to more than nominal damages. The only issue, therefore, is the measure of relief that he should be awarded and whether such relief should include punitive damages. In his motion for summary judgment, plaintiff requests compensatory damages totalling $7,819.58, plus interest, and punitive damages in the amount of $50,000.

■ Compensatory damages under § 1983 "may include amounts for a plaintiff's physical and pyschic suffering, as well as amounts for deprivations of property and liberty." *O'Connor v. Keller,* 510 F.Supp. 1359, 1375 (D.Md.1981); *Memphis Community School Dist. v. Stachura,* 477 U.S. 299, 307, 106 S.Ct. 2537, 2543, 91 L.Ed.2d 249 (1986). To recover damages, a plaintiff must prove that the constitutional violation caused an actual injury. *Stachura,* 477 U.S. at 308, 106 S.Ct. at 2543. Although there has been no "specific formula" for calculating actual injuries arising from wrongful confinement, *H.C. By Hewett v. Jarrard,* 786 F.2d 1080, 1089 (11th Cir.1986), compensatory damages have generally been awarded by comparing the conditions of the general prison population with those of isolation, (*see e.g., Furtado v. Bishop,* 604 F.2d 80, 89 (1st Cir.1979), *cert. denied,* 444 U.S. 1035, 100 S.Ct. 710, 62 L.Ed.2d 672 (1980); *Pino v. Dalsheim,* 605 F.Supp. 1305, 1319 (S.D.N.Y.1984)), or by assessing the emotional distress that plaintiff has suffered from such punishment. *Jarrard,* 786 F.2d at 1088.

There is no dispute on the record that the plaintiff was wrongfully confined in SHU for 53 days. As the nature and extent of plaintiff's injury "may be inferred from conditions and length of ... confinement," *Jarrard,* 786 F.2d at 1088, I see no reason to conduct a separate evidentiary hearing here. Previous experience with Attica's Special Housing Unit, both through personal visits as well as through cases before this Court such as *Eng v. Smith,*[1] have made me all too familiar with the comparatively harsher conditions suffered by prisoners sentenced to SHU. These inmates must first undergo a humiliating strip search before being admitted to the facility. 7 N.Y.C.R.R. § 302.1(a). Furthermore, as extensive testimony in *Eng* revealed:

> Any inmate placed in disciplinary SHU generally is confined to ... limited quarters for 23 hours per day. The cell size is approximately 8 feet long, 6 feet wide, [and] 8 feet high. [Although t]he remaining hour of the day may be used for exercise, ... exercise merely means that the inmate walks from his cell to a larger cell where he spends an hour by himself. The only persons with whom SHU inmates interact regularly are corrections officers, because even their meals are delivered to their cells. Hostility, oppression and a feeling of isolation pervade the atmosphere in SHU.

*Eng,* slip op. at 6–7; *see generally* 7 N.Y.C. R.R. §§ 300.1 *et seq.; see also McCann v. Coughlin,* 698 F.2d 112, 117 n. 5 (2d Cir. 1983).

■ Although it is difficult to arrive at a monetary sum that can fairly compensate an individual for wrongfully suffering such deplorable conditions, prior cases dealing with this issue have established $25—$100 per day as the appropriate range of permissible relief. *See, e.g., Sostre v. McGinnis,* 442 F.2d 178, 205 n. 52 (2d Cir.1971) ($25 per day); *United States Ex Rel. Larkins v. Oswald,* 510 F.2d 583, 589 (2d Cir.1975) ($80 per day for 12 days in SHU); *Maxwell v. Mason,* 668 F.2d 361, 365 (8th Cir.1981) ($100 per day for 14 days in SHU); *O'Connor v. Keller,* 510 F.Supp. 1359, 1375 (D.Md.1981) ($100 per day for 2 days in SHU). In light of the standards established by these cases and the extended period for which the plaintiff was wrongfully confined, I conclude that he is entitled to $100 per day for the time he spent in SHU. Accordingly, plaintiff is to be awarded $5,300 in compensatory damages.

■ The plaintiff also seeks punitive damages in the amount of $50,000. Under *Smith v. Wade,* 461 U.S. 30, 103 S.Ct. 1625, 75 L.Ed.2d 632 (1983), punitive damages may be awarded "when the defendant's conduct is shown to be motivated by evil motive or intent, or when it involves reckless or callous indifference to the federally protected rights of others." *Id.* at 56, 103 S.Ct. at 1640. Such relief may be assessed in the trial court's discretion as a means of detering defendants from engaging in similar conduct in the future. *Id.* at 54, 103 S.Ct. at 1639.

---

1. *Eng v. Smith,* No. 80–385T (W.D.N.Y. Jan. 29, 1988), *aff'd,* 849 F.2d 80 (2d Cir.1988).

The plaintiff argues that the defendants recklessly disregarded well-settled due process standards governing inmate disciplinary hearings by denying him the opportunity to call witnesses and present evidence in his defense. *See Wolff v. McDonnell,* 418 U.S. 539, 566, 94 S.Ct. 2963, 2979–80, 41 L.Ed.2d 935 (1974); *McCann v. Coughlin,* 698 F.2d 112, 122 (2d Cir.1983). In *Pino v. Dalsheim,* a case involving nearly identical facts and one upon which Patterson heavily cites in his brief, the plaintiff was denied an impartial fact finder as well as the right both to call live witnesses and to marshal facts necessary to his defense. Although the court there found the plaintiff entitled to compensatory relief, it declined to award him punitive damages on the grounds that the defendants' conduct "simply did not involve the sort of malicious or reckless conduct ... justify[ing] such an award." 605 F.Supp. at 1320.

▮ The evidence present on the record here warrants a similar conclusion. While the proceedings afforded the plaintiff were inadequate, the defendants did make some effort to comply with the applicable due process standards. *Cf. O'Connor v. Keller,* 510 F.Supp. 1359, 1375 (D.Md.1981). Viewing the factual inferences in a light most favorable to the defendants, Captain DeSantos initially adjourned the disciplinary review for the purpose of interviewing Hall and Carter, listened to a tape recording of Hall's testimony regarding his own involvement in the incident, and abandoned an attempt to solicit input from Carter only when he felt such an attempt would jeopardize institutional safety. The Second Circuit has held that an inmate has a right to call witnesses and present evidence in his defense only " 'when permitting him to do so would not be unduly hazardous to institutional safety or correctional goals.' " *McCann v. Coughlin,* 698 F.2d 112, 122 (2d Cir.1983) (quoting *Wolff v. McDonnell,* 418 U.S. 539, 566, 94 S.Ct. 2963, 2979, 41 L.Ed.2d 935 (1974)). Accordingly, plaintiff's motion for punitive damages is denied.

▮ Plaintiff additionally seeks an award of attorney's fees pursuant to 42 U.S.C. § 1988. While I find the plaintiff entitled to such fees, I must deny his request without prejudice as he has failed to provide any documentation enabling me to determine the appropriate amount to be awarded. *McCann v. Coughlin,* 698 F.2d 112, 131 (2d Cir.1983). Plaintiff is free to renew his request with the filing of a proper application supported by an accounting of time he has spent on this case.

Finally, plaintiff requests that this Court reconsider its prior ruling granting defendants' motion for summary judgment on the issue of Captain DeSantos' impartiality. While Fed.R.Civ.P. 60(b)(1) permits relief to be granted with respect to a judgment in cases of "mistake," the Second Circuit has refused to treat this Rule as a vehicle for the correction of judicial error. *In re Texlon Corp.,* 596 F.2d 1092, 1100 (2d Cir. 1979); 7 J. Moore, Federal Practice ¶ 60.22(3) (2d ed.1987). Accordingly, plaintiff's motion for reconsideration is denied.

ALL OF THE ABOVE IS SO ORDERED.